FILED
CLERK, U.S. DISTRICT COURT
-6 APR 01 PM 2:44
DISTRICT OF UTAH
BY:
DEPUTY CLERK

# In the United States District Court for the District of Utah, Central Division

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br>vs.<br>**NADER Z. POURHASSAN,**<br>Defendant. | **ORDER ON DEFENDANT'S MOTION TO DISMISS INDICTMENT**<br><br>**Case No. 2:00-CR-229 G** |

This matter is before the court on defendant Nader Z. Pourhassan's motion to dismiss the indictment on the ground that the statute upon which his indictment is based is void for vagueness. The court heard extensive oral argument on this motion and took it under advisement.[1] The United States was represented by Assistant United States Attorney Felice John Viti and Pourhassan was represented by James Bradshaw of Brown Bradshaw Anderson & Moffat.

Now, being fully advised, the court enters the following Order.

[1] *During argument, defense counsel indicated that he was satisfied with the specification of the factual* predicate of the Indictment that has been provided by the government, and stated that he was withdrawing and no longer pursuing his motion for a bill of particulars. Accordingly, this Order only addresses defendant's motion to dismiss.

39

## I. CRIMINAL MISREPRESENTATION OF PRODUCTS AS INDIAN PRODUCED OR OF INDIAN ORIGIN UNDER 18 U.S.C. § 1159

The government has charged Pourhassan with two counts of criminal misrepresentation of Indian produced goods and products in violation of 18 U.S.C. § 1159. 18 U.S.C. § 1159 makes it a criminal offense to "offer or display for sale or sell any good . . . in a manner that falsely suggests it is Indian produced, an Indian product, or the product of a particular Indian or Indian tribe or Indian arts and crafts organization, resident within the United States." 18 U.S.C. § 1159(a).[2] As used in the statute, an "Indian" is a "member of an Indian tribe" or "certified as an Indian artisan by an Indian tribe." 18 U.S.C. § 1159(c)(1); 25 C.F.R. § 309.2(a). An "Indian tribe" is defined as a federally recognized or state recognized Indian tribe. See 18 U.S.C. § 1159(c)(3); 25 C.F.R. §§ 309.2(e)(1), (2). The Code of Federal Regulations defines the term "Indian product" as "any art or craft product made by an Indian." 25 C.F.R. § 309.2(d); see also 18 U.S.C. § 1159(c)(2) (defining this term as "the meaning given [it] by the Secretary of the Interior"). The phrases "falsely suggests" and "Indian produced" are not defined in the statute or in the Code of Federal Regulations.

18 U.S.C. § 1159(b) sets forth a scienter requirement in order for criminal liability to attach:

---

[2] 18 U.S.C. § 1159 was amended in 1990. The former law provided:

> Whoever willfully offers or displays for sale any goods . . . as Indian products or Indian products of a particular Indian tribe or group, resident within the United States or the Territory of Alaska, when such person knows such goods are not Indian products or are not Indian products of the particular Indian tribe or group, shall be fined not more than $500 or imprisoned not more than six months, or both.

> Whoever knowingly violates subsection (a) shall -
> (1) in the case of a first violation, if an individual, be fined not more than $250,000 or imprisoned not more than five years, or both, and, if a person other than an individual, be fined not more than $1,000,000; and
> (2) in the case of subsequent violations, if an individual, be fined not more than $1,000,000 or imprisoned not more than fifteen years, or both, and, if a person other than an individual, be fined not more than $5,000,000.

Id. (emphasis added).

## II. APPROPRIATENESS OF FACIAL CHALLENGE

In this motion, Pourhassan raises a facial vagueness challenge to the criminal provisions of 18 U.S.C. § 1159. During oral argument, defense counsel indicated that he anticipated bringing an "as applied" vagueness challenge to the statute after presentation of the evidence at trial, if such a motion was warranted. A preliminary matter is whether a facial challenge is appropriate at this stage of the proceedings.

According to the Tenth Circuit, a facial vagueness challenge is proper when a

> statute . . . threatens to chill constitutionally protected conduct, especially conduct protected by the First Amendment. If a statute is so vague that it can reasonably be interpreted to prohibit constitutionally protected speech as well as conduct the state may constitutionally forbid, people may choose to refrain from speaking rather than challenge the statute's constitutionality in their criminal prosecution. Thus, freedom of speech will be chilled. We allow a person who is prosecuted for conduct which the state may constitutionally forbid to challenge the statute as vague on its face, rather than restricting him to challenging it as applied to his conduct, because those who refrain from speech will never have a chance to make their claims in court. In this way the claims of those who would be silenced are heard. Vagueness and overbreadth challenges are similar in this respect.

United States v. Gaudreau, 860 F.2d 357, 360 (10th Cir. 1988) (emphasis added); see also United States v. Mazurie, 419 U.S. 544, 550 (1975) ("[V]agueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at

hand.") (quoted in United States v. Corrow, 119 F.3d 796, 803 (10th Cir. 1997)); United States v. Day, 223 F.3d 1225, 1228 (10th Cir. 2000) (same).[3]

Pourhassan hypothesizes that a literal reading of the statute implicates the rights of a category of individuals comprising manufacturers and sellers of products that are perceived by the public to be "Indian products": "a literal reading of the statute would arguably preclude any non-member of a tribe from making and selling [items such as totem poles, dream catchers or tomahawks] without expressly disclosing that the items were made by a non-tribal member." (Mem. in Supp. of Mot. to Dismiss Indictment on Vagueness Grounds at 6.)[4] As the Court understands his argument, Pourhassan contends that the statute implicates "constitutionally protected conduct," and thereby authorizes a facial vagueness challenge, because it (1) discourages a person from expressing himself by manufacturing products that are publically-perceived to be "Indian products," and (2) forces a seller to speak by requiring him to disclose affirmatively the origin of such products or prohibits the seller from speaking or acting in a manner which, though innocent, may be (wrongly) interpreted by a potential purchaser as

---

[3] The Gaudreau decision sets forth one additional circumstance when a facial challenge is appropriate: "In a declaratory judgment action [where] no one has [yet] been charged . . . the court cannot evaluate the statute as applied. In these cases, the challenger may attempt to facially attack the statute as 'vague in all of its applications.'" 860 F.2d at 360-61. Since Pourhassan has been charged under this statute and this is not a declaratory judgment action, this second circumstance is inapposite to the case at hand.

[4] The fact that Pourhassan's vagueness argument is difficult to distinguish from an overbreadth argument (as evidenced by Pourhassan's use of the term "overbroad" throughout his memoranda) is of little concern since the Supreme Court often speaks of the vagueness and overbreadth doctrines together. See, e.g., Kolender v. Lawson, 461 U.S. 352, 358 n.8 (1983) ("[W]e have traditionally viewed vagueness and overbreadth as logically related and similar doctrines."); see also Ronald D. Rotunda & John E. Nowak, Treatise on Constitutional Law § 20.9 at 274 (3d ed. 1999) ("The problem of vagueness in statutes regulating speech activities is based on the same rationale as the overbreadth doctrine and the Supreme Court often speaks of them together.").

suggesting that the goods for sale are Indian products.[5]

Notwithstanding the aforesaid argument, the rights of manufacturers of publically-perceived "Indian products" are not affected by the statute since the statute only concerns the sale, not the manufacture, of goods. An artisan or other manufacturer may continue to express himself artistically through the creation of any products without fear of running afoul of the scope of the law. Accord Native Am. Arts, Inc. v. Village Originals, Inc., 25 F.Supp.2d 876, 881 (N.D. Ill. 1998) ("[T]he [statute] does not interfere with the artistic content of [defendant's] merchandise. . . ."). Hence, the statute does not "threaten[] to chill [the] constitutionally protected conduct," Gaudreau, 860 F.2d at 360, of any artisan or individual wishing to express himself through the creation of goods which may be publically-perceived to be "Indian products." Pourhassan's concern for individuals in the aforesaid category, therefore, cannot form the basis for pursuing a facial vagueness challenge to the statute.[6]

---

[5] As an example of the seller's behavior that may be innocent but wrongly interpreted by a buyer as a suggestion that the good for sale are "Indian products," consider the situation of a seller of non-Indian products who dresses in traditional "Indian" garb in order to express himself or (more likely) in order to attract more business. Arguably, the seller of non-Indian products would be prohibited from such behavior because of the possibility that a potential buyer would equate the Indian garb with a suggestion by the seller that the goods in question were manufactured by Indians, despite the fact that the seller has not made any affirmative representation about the origin of the goods.

[6] The majority opinion in Kolender v. Lawson, 461 U.S. 352 (1983), could be interpreted as support for a conclusion that a manufacturer's speech is threatened by 18 U.S.C. § 1159. In Kolender, the Supreme Court considered a California statute which required that persons who loiter or wander on the streets provide "credible and reliable" identification and to account for their presence when requested by a police officer. Without much discussion, the majority concluded that the California statute "implicate[d] consideration of the constitutional right to freedom of movement." Id. at 358; but see id. at 374 (J. White, dissenting) ("Here, the majority makes a vague reference to potential suppression of First Amendment liberties, but the precise nature of the liberties threatened are never mentioned.").

An argument could be made that Kolender favors a conclusion that 18 U.S.C. § 1159 implicates consideration of the rights of manufacturers or artisans to create art. While this is a legitimate argument, the Court concludes that 18 U.S.C. § 1159 is a different statute and the broad language of Kolender is inapplicable to the instant case. In any event, the point is largely moot because, as discussed at length below, the Court agrees that

The rights of a second category of individuals are more compelling. Two district courts have considered the constitutionality of the 18 U.S.C. § 1159's civil counterpart, 25 U.S.C. § 305e, and concluded that the statute "does implicate First Amendment scrutiny since it involves the expressive aspects of commercial advertising." Village Originals, 25 F.Supp.2d at 880; see also Ho-Chunk Nation v. Nature's Gifts, Inc., 1999 WL 169319, *3 (N.D. Ill. Mar. 19, 1999) ("[Defendant] concedes that the Act restricts commercial speech. Commercial speech, which is speech related solely to the economic interests of the speaker, is protected by the First Amendment.").[7]

This Court agrees with the conclusions of Village Originals and Nature's Gifts and rules that 18 U.S.C. § 1159 implicates constitutionally protected speech since, as discussed above, the statute in substance and effect may require some actors to make some affirmative statement regarding the actual origin of certain products or be subject to prosecution. While First Amendment concerns exist in such a situation, it is of some import to note that those constitutional rights are minimal. Although "speech" is at issue, the statute restricts (or forces) some form of commercial advertising, which is generally afforded a lower level of scrutiny than non-commercial speech. See, e.g., Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n, 447 U.S. 557, 562-63 (1980); U.S. West, Inc. v. Federal Communications Comm'n, 182 F.3d 1224, 1233 (10th Cir. 1999). Moreover, the Supreme Court has made clear that there are

---

Pourhassan is entitled to make a facial challenge.

[7] 25 U.S.C. § 305e imposes civil liability upon an individual who (as in its criminal counterpart) "offers or displays for sale or sells a good . . . in a manner that falsely suggests it is Indian produced, an Indian product, or the product of a particular Indian or Indian tribe or Indian arts and crafts organization. . . ." Id.

"material differences between disclosure requirements and outright prohibitions on speech" such that "the First Amendment interests implicated by disclosure requirements are substantially weaker than those at stake when speech is actually suppressed. . . ." Zauderer v. Office of Disciplinary Counsel of Supreme Court of Ohio, 471 U.S. 626, 650, 651 n.14 (1985) (applying a rational relation test in reviewing a statutory requirement that attorney disclose contingent-fee arrangement particulars).

Based on the above analysis, the statute threatens speech and/or conduct, which is protected (albeit at a minimal level) by the First Amendment.[8] Pursuant to the test set forth in Gaudreau, then, a facial vagueness challenge is proper. 860 F.2d at 360.

## III. STANDARD OF REVIEW

Having concluded that a facial vagueness challenge is proper, the next issue is what standard of review applies. As a starting point, the Court begins with the longstanding principle that "[w]hen reviewing a statute alleged to be vague, courts must indulge a presumption that it is constitutional, and the statute must be upheld unless the court is satisfied beyond all reasonable doubt that the legislature went beyond the confines of the Constitution." Day, 223 F.3d at 1228 (quoting Brescheisen v. Mondragon, 833 F.2d 238, 241 (10th Cir. 1987)); Jane L. v.

[8] The real danger of the statute in this case is that it arguably threatens to force speech, not quash it. While the language of Zauderer makes clear that the First Amendment is implicated by disclosure requirements, it is not immediately obvious that the test set forth in Gaudreau for the appropriateness of a facial challenge (which speaks in terms of a statute that threatens to "chill" constitutionally protected conduct) means to apply to such First Amendment concerns. One response to this is that the statute at issue in this case does threaten to "chill" a seller's right to remain silent, which is recognized as constitutionally protected conduct. See, e.g., Russo v. Central Sch. Dist., 469 F.2d 623, 634 (2d Cir. 1972) ("[T]he right to remain silent in the face of an illegitimate demand for speech is as much a part of First Amendment protections as the right to speak out in the face of an illegitimate demand for silence."). In any event, there are no logical reasons to distinguish the types of First Amendment concerns implicated in the instant case. The Court concludes that the constitutional concerns implicated in this statute are real, recognizable, and sufficient to allow a facial vagueness challenge.

Bangerter, 61 F.3d 1493, 1500 (10th Cir. 1995).

As a general matter, "the void for vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Kolender v. Lawson, 461 U.S. 352, 357 (1983); see also Day, 223 F.3d at 1228 (quoting Corrow, 119 F.3d at 802). While there is some overlap between these two concerns, the Supreme Court and the Tenth Circuit have indicated that courts should treat each element separately. See Kolender, 461 U.S. at 357-58; Corrow, 119 F.3d at 802; Gaudreau, 860 F.2d at 359.

The meaning of "sufficient definitiveness" is an important question, and that preliminary issue is considered in some detail here. The level of specificity required in a particular statute, and hence the standard of review of the statute involved in this case, is dictated by several factors:

> Criminal statutes must be more precise than civil statutes because the consequences of vagueness are more severe. Further, a scienter requirement may mitigate a criminal law's vagueness by ensuring that it punishes only those who are aware their conduct is unlawful. Also, regulatory statutes governing business activities may be less precise because the conduct proscribed is usually in a narrow category and the regulated enterprise may have the ability to clarify the meaning of the regulation by inquiring of an administrative agency or resort to an administrative process. Finally, the Constitution demands more clarity of laws which threaten to inhibit constitutionally protected conduct, especially conduct protected by the First Amendment.

Gaudreau, 860 F.2d at 360 (emphasis added). Since 18 U.S.C. § 1159 is a criminal statute, the first factor counsels in favor of more precision. Murphy v. Matheson, 742 F.2d 564, 570 (10th Cir. 1984) (applying a "strict test of specificity" for a criminal statute that had no impact on

constitutionally protected conduct). As noted above, 18 U.S.C. § 1159(b) contains a "knowing" scienter requirement, so the second factor requires less precision. 18 U.S.C. § 1159 is not a "regulatory statute governing business activities," so the third factor does not allow for less precision. The last factor favors slightly more precision since the statute threatens to inhibit at least some minimal constitutionally protected conduct. The Supreme Court has stated that this final factor is "perhaps the most important factor affecting the clarity that the Constitution demands of a law. . . ." Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 499 (1982).

In considering the appropriate level of scrutiny, it is of some help to consider two demonstrative cases. In Murphy, the Tenth Circuit applied a "strict test of specificity" when considering a Utah statute which regulated the possession, manufacture, delivery, and advertisement of drug paraphernalia. 742 F.2d at 566. The Utah statute subjected offenders to criminal penalties. See id. at 567 n.3 (quoting the statute). Although the Court upheld the constitutionality of the statute in a facial vagueness challenge, the Court employed a strict standard of review:

> The statute here, like the ordinance in Flipside, regulates economic activity and contains a scienter requirement. Further . . . the statute does not inhibit constitutionally protected rights. However, because violations carry criminal penalties, we apply a strict test of specificity.

Id. at 570 (emphasis added).[9] The Court upheld the statute despite an acknowledgment by the Court that the phrase "drug paraphernalia" was a somewhat ambiguous term. See id.

[9] A fair reading of Murphy is that a strict vagueness test applies whenever a court evaluates a criminal statutes. A fortiori, a strict vagueness test would apply in the instant case since the statute implicates some First Amendment concerns.

The Supreme Court applied a strict test concerning vagueness in Kolender. In that case, the Supreme Court considered a California criminal statute which required that persons who loiter or wander on the streets provide "credible and reliable" identification and to account for their presence when requested by a police officer. In a facial challenge, the Court held that the statute was unconstitutionally vague because the phrase "credible and reliable" could not be defined with sufficient precision and was subject to multiple meanings. See Kolender, 461 U.S. at 361-62 ("We conclude [the statute] is unconstitutionally vague on its face because it encourages arbitrary enforcement by failing to describe with sufficient particularity what a suspect must do in order to satisfy the statute."). In so holding, the Court indicated that it was applying a higher level of scrutiny (thus distinguishing Flipside) because the statute imposed criminal sanctions and implicated constitutional rights See id. at 358, 358 n.8.[10]

Based upon the above cases, since this case involves a criminal statute which raises First Amendment concerns, a strict test concerning vagueness is demanded.[11] With this in mind,

---

[10] Kolender is not directly on point. According to the Kolender Court, the California statute "implicates consideration of the constitutional right to freedom of movement." Id. at 358. The opinion does not directly address the statutes' requirement that a suspect identify himself (which may implicate an individual's First Amendment right by forcing him to speak, like the statute at issue here). In addition, the speech at issue in this case is commercial speech, which, as discussed above, is afforded a lower level of constitutional protection than the constitutional right at issue in Kolender. Also, the statute at issue in Kolender does not appear to contain a scienter requirement like the statute at issue in this case. See id. at 354 n.1 (quoting the language of the California statute).

[11] The conclusion that a strict vagueness test is not necessarily obvious. In Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489 (1981), for example, the Supreme Court used a low level of scrutiny. In that case, the Supreme Court rejected a pre-enforcement facial vagueness challenge to a "quasi-criminal" civil statute which regulated the sale of items "designed or marketed for use with illegal cannabis or drugs." Id. at 491, 499. The Court held that the phrase "designed or marketed for use" was sufficiently specific in the context of the statute at issue because a "business person of ordinary intelligence would understand that [these] term[s] refer[] to the design of the manufacturer [or marketing of the item], not the intent of the retailer or customer." Id. at 501. In the later Kolender decision, the Supreme Court re-emphasized that the Flipside Court was applying a "less strict vagueness test because its subject matter [i.e., the regulation of business behavior] is often more narrow [than non-

the Court proceeds to consider whether the statute implicated in this case passes muster.

## IV. ANALYSIS

### A. FAIR NOTICE

The first element of the vagueness analysis is the fair notice requirement: "As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited. . . ." Id. at 357; Gaudreau, 860 F.2d at 361-62. Pourhassan argues that the phrases "Indian produced" and "falsely suggests" are both unconstitutionally vague. (See Mem. in Supp. of Mot. to Dismiss Indictment on Vagueness Grounds at 6, 7.)

Pourhassan contends that the phrase "Indian produced" is vague because it provides no guidance on how to handle certain products:

> Is it sufficient that a member of an Indian tribe design and supervise the production? Does the participation of any Non-Native American in the production render an item violative of the statute? For example, if a Native American hand-carved a wooden totem pole, but non-Native Americans assisted in the rough-cutting, and subsequently cleaned and varnished the item prior to sale, would the item be "Indian produced"? Must the seller disclose the participation of a non-member in the process?

(Id. at 7.) As discussed above, the Code of Federal Regulations defines the term "Indian product" as "any art or craft product made by an Indian." 25 C.F.R. § 309.2(d); see also 18 U.S.C. § 1159(c)(2) (defining this term as "the meaning given [it] by the Secretary of the Interior"). In a

---

commercial free speech or free association contexts]." 461 U.S. at 458 n.8 (emphasis added); see also Parker v. Levy, 417 U.S. 733, 756 (1974) (applying a less stringent vagueness analysis "[b]ecause of the factors differentiating military society from civilian society.").

While the instant case also involves commercial speech, the statute here is different from the one considering in Flipside because 18 U.S.C. § 1159 provides for criminal sanctions. As noted in Murphy, the criminal/civil distinction is important (and perhaps dispositive).

brief discussion of this phrase, the government responds that "[s]imply stated, 'Indian produced' means made by an Indian as that term is defined in § 1159 and C.F.R. 309.2(a)." (Supplemental Mem. in Supp. of Government's Opp'n to Def.'s Mot. to Dismiss Indictment on Vagueness Grounds at 23.)

The Court agrees with the government and rules that items which are "Indian produced" are "Indian products." The phrase "Indian product" is not vague and the phrase means what it says: "any art or craft product made by an Indian." 25 C.F.R. § 309.2(d). It does not include products which are jointly manufactured by Indians and non-Indians or products which are designed by an Indian and made by a non-Indian. The phrase "Indian produced," therefore, is not unconstitutionally vague.

Pourhassan also contends that the phrase "falsely suggests" language is vague because it is unclear whether the phrase requires an affirmative misrepresentation (such as false labeling or an oral or written warranty). While Pourhassan is correct that the phrase is somewhat ambiguous, the vagueness of the term is lessened when the statute is read as a whole.

Of particular importance is the well-established principle that "a scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of the notice to the complainant that his conduct is proscribed." Flipside, 455 U.S. at 499; see also Murphy, 742 F.2d at 573. However,

> it is evident that . . . the "scienter" [which mitigates vagueness] meant must be some other kind of scienter than that traditionally known to the common law - the knowing performance of an act with the intent to bring about that thing, whatever it is, which the statute proscribes, knowledge of the fact that it is so proscribed being immaterial. . . . Such scienter would clarify nothing; a clarificatory "scienter" must envisage not only a knowing what is done but a knowing that what

> is done is unlawful or, at least, so "wrong" that it is probably unlawful.

Note, The Void-for-Vagueness Doctrine in the Supreme Court, 109 U. Pa. L. Rev. 67, 87 n.98 (1960) (emphasis added) (cited in Flipside, 455 U.S. at 499 n.14). In Murphy, for example, the Tenth Circuit held that an intent scienter was sufficient to save a statute which criminalized the possession, selling, or manufacturing of drug paraphernalia from a vagueness challenge because

> in order to have a conviction [it is necessary] that a person possess, sell or manufacture an item with the intent that the item be drug paraphernalia. Since the person must actually intend that an item be drug paraphernalia he has notice of his criminal act and due process is satisfied.

742 F.2d at 574 (citations omitted).

In this case, criminal liability attaches only when a person "knowingly" violates 18 U.S.C. § 1159(a). See 18 U.S.C. § 1159(b). Reading 18 U.S.C. §§ 1159 (a) and (b) together, then, an individual runs afoul of the law only when he knowingly makes a false suggestion. Stated another way, a seller must know that his words or acts suggest a falsity. In its most simple formulation, then, a seller is liable under the statute only when he knowingly lies. While one may imagine different variations of how a seller could knowingly lie (e.g., an outright misrepresentation or a false label), the phrase does not criminalize a seller's innocent acts which are simply misinterpreted by a buyer. The statute provides adequate notice to the public of what conduct is forbidden: a seller may not knowingly lie by making the false suggestion that an item for sale was made by an Indian when, in fact, it was not.[12]

---

[12] To be clear, consider the following sets of hypotheticals. In the first, Seller X sells an item he knows to be made entirely by a non-Indian. If Seller X knowingly lies to Buyer B by indicating that the item is Indian produced, he violates the statute. If Seller X knowingly lies to Buyer B by indicating that the item is produced by the combined efforts of an Indian artisan and a non-Indian artisan, he does not violate the statute (though he may be liable for fraud under a separate statute). If Seller X tells Buyer B the truth, or if Buyer B misunderstands the

### B. ENFORCEMENT STANDARDS

The second element of the vagueness analysis is the adequacy of the enforcement standards: whether the statute "authorizes or encourages arbitrary and discriminatory enforcement" by establishing a "standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections." Kolender, 461 U.S. at 357, 358; Gaudreau, 860 F.2d at 363-64.

This element envisions a slightly different consideration than that considered in the discussion of fair notice, above. In Coates v. Cincinnati, for example, the Court invalidated a statute that criminalized the acts of three or more persons assembling on a sidewalk who "there conduct themselves in a manner annoying to persons passing by. . . ." 402 U.S. 611, 611 n.1 (1971). The Court stated:

> [T]he ordinance['s use of the word "annoying"] is vague, not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all.

Id. at 614. Since no standard for "annoying" was enunciated in the statute, the Court believed that it provided for policemen, prosecutors, and juries to make up their own standard based entirely on their own preferences and predilections.

---

innocent acts of Seller X to be some indication that the item is entirely Indian produced, Seller X does not violate the statute.

In the second hypothetical, Seller Y sells an item he knows to be jointly made by an Indian and a non-Indian. If Seller Y knowingly lies to Buyer B by indicating that the item is entirely Indian produced, he violates the statute. If Seller Y tells Buyer B the truth, or if Buyer B misunderstands the innocent acts of Seller Y to be some indication that the item is entirely Indian produced, Seller Y does not violate the statute.

In the last hypothetical, Seller Z sells an item that is entirely Indian produced. Seller Z cannot violate the statute.

As set forth above, 18 U.S.C. § 1159 prohibits a seller from knowingly lying about the origin of non-Indian goods. While a knowing false suggestion (the prohibited act) might take several forms (and it will ultimately be a jury's responsibility to determine whether any particular seller made a knowingly false suggestion that an item was Indian produced), it is not vague in a way that authorizes or encourages arbitrary or discriminatory enforcement.

## V. CONCLUSION

Based on the analysis above, 18 U.S.C. § 1159 is not unconstitutionally vague. Defendant's motion to dismiss therefore is DENIED.

IT IS SO ORDERED.

DATED this 6th day of April, 2001

J. Thomas Greene

J. THOMAS GREENE
UNITED STATES DISTRICT JUDGE

alf

United States District Court
for the
District of Utah
April 9, 2001

* * CERTIFICATE OF SERVICE OF CLERK * *

Re: 2:00-cr-00229

True and correct copies of the attached were either mailed or faxed by the clerk to the following:

Christopher B. Chaney, Esq.
US ATTORNEY'S OFFICE
,
JFAX 9,5245985

Mr. James C. Bradshaw, Esq.
BROWN BRADSHAW ANDERSON & MOFFAT LLP
10 W BROADWAY STE 210
SALT LAKE CITY, UT 84101
JFAX 9,5325298

USMS
DISTRICT OF UTAH
,
JFAX 9,5244048

US Probation
DISTRICT OF UTAH
,
JFAX 9,5261136